UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 30 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Dwayne E. Scott,

    Petitioner,

v.                                Civil Action No. 17-1690 (UNA)

United States of America *et al.*,

    Respondents.

MEMORANDUM OPINION

Petitioner, proceeding *pro se*, has submitted a "Prima Facie Motion Showing Cause for Procedural Default in the Alternative, § 23-110(g) Savings Clause § 2254 Writ of Habeas Corpus" and an application to proceed *in forma pauperis* ("IFP"). He seeks retroactive application of three U.S. Supreme Court opinions to his 1995 jury convictions in the Superior Court of the District of Columbia. *See* Mot. at 2 and attached 28 U.S.C. § 2254 Pet. ¶¶ 1-6. For the reasons explained below, the Court will grant the IFP application and will dismiss this case for lack of jurisdiction.

Unlike prisoners challenging state or federal court convictions, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 37 (D.C. Cir. 1997) (acknowledging that "[i]n order to collaterally attack his sentence in an Article III court[,] a District of Columbia prisoner faces a hurdle that a federal prisoner does

1

not"). Petitioner's recourse lies in the Superior Court in proceedings under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998) (describing § 23-110 as "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence"); *Byrd*, 119 F.3d at 36-37 ("Since passage of the Court Reform Act [in 1970], . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court - the Superior Court - pursuant to D.C. Code § 23-110.").

Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). Essentially, that provision "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Such claims include "the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution . . . [or] (4) the sentence is otherwise subject to collateral attack," and a "motion for such relief *may be made at any time*." D.C. Code §§ 23-110(a), (b)(1) (emphasis added); *see Gathers v. United States*, 977 A.2d 969, 971 (D.C. 2009) (local court addressing appeal from denial of § 23-110 motion seeking retroactive application of *Crawford v. Washington*, 541 U.S. 36 (2004), to 1997 conviction); *Kirk v. United States*, 510 A.2d 499, 501 (D.C. 1986) (holding "our rejection of appellant's claim on direct appeal in an unpublished memorandum order issued prior to *Arnold* [made retroactive] does not preclude his raising the issue again by way of this § 23-110 motion").

Petitioner indicates that he has not pursued relief under D.C. Code § 23-110, *see* § 2254 Pet. at 5 ¶ 10, and he has not claimed, let alone shown, that remedy to be inadequate or ineffective. Therefore, this Court cannot exercise jurisdiction over the instant habeas petition. A separate order accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: August 24, 2017